PETER S. SMITH, ETC., *v.* MIKE SNOWDEN'S ADM'R.

**Attachment—Conveyance Pending Suit.**
    Where, after property is attached, the owner conveys it pending
    the attachment suit, and the ground of attachment is not sustained,
    the purchaser of the land from the one pending the attachment
    proceeding is not affected by it.

APPEAL FROM PULASKI CIRCUIT COURT.

December 21, 1872.

OPINION BY JUDGE PETERS:

On the 15th of May, 1861, George W. Gastenaw sued out an
attachment against the estate of Andrew Burkheart on the alleged
grounds, as stated in the petition only, that he was about to sell,
convey or "otherwise dispose of his property with the fraudulent
intent to cheat, hinder, and delay his creditors in the collection of
their debts." The sheriff, to whom the attachment was delivered,
levied it the same day it was issued on 240 acres of land, as the
property of the defendant. At the March term, 1862, the plaintiff
below filed an affidavit stating that he believed the defendant "is"
a non-resident, and in a few days thereafter he amended that affi-
davit by stating that at the time he filed his original affidavit An-
drew Burkheart was a non-resident.

At the September term, 1863, the cause was submitted for judg-
ment without answer or appearance by defendant and without any
proof in the case, except that it is stated in the judgment that it
appeared from the proof in the case that Andrew Burkheart was
a non-resident, and judgment was then rendered for the sale of
one hundred and forty (140) acres of land on Clifty in Pulaski
County, or so much thereof as should be required to pay the plain-
tiff the sum of $125, with interest at the rate of 6 per cent. per
annum from the 25th of December, 1861, till paid, and the costs,
etc.; and a commissioner was appointed to make the sale. The com-
missioner reports he sold "Two hundred and forty acres of land for
$169.70, the amount of plaintiff's debt, interest and costs, to J. C.
Patton, who complied with the terms of the sale, and the same was
approved and confirmed by the court, and a deed made to the pur-
chaser by the master for 240 acres."

On the 20th of May, 1861, five days after the attachment was lev-
ied on the land, Burkheart conveyed it, for a valuable consideration,

to Michael Snowden, who on the 11th of March, 1863, sold and conveyed the same land to Peter S. and Joseph L. Smith, in consideration of $600, one hundred and sixteen of which they paid down, and executed their notes for the residue, one for $100 due 9th of February, 1864, one for same amount due 9th of February, 1865, one for same amount due 9th of February, 1866, one for same amount due 9th of February 1867, and one for $84 due the 9th of February, 1868, all bearing interest from date. On the 6th of March, 1868, Snowden instituted suit on said notes, alleging that they were due and unpaid; that he had a lien on said land for their payment, and prayed judgment for his debt and a sale of the land, etc.

In an amended pleading made by Snowden's personal representative, he having died, and the suit having been revived, he alleged that Patton acquired no title to the land, that the judgment and sale in the case of Gastenaw to Burkheart were void and that he had learned that Howard Gardner was in possession of the land, and he made Gate, Patton and Gardner defendants, on all of whom process was served, and they failed to answer, thereby in effect admitting the truth of the allegations.

The Smiths resisted payment on the ground that Snowden warranted the title in the conveyance to them; that when he made the deed he had no title, but that the title was in Patton, the purchaser at the judicial sale, made under the judgment of Gastenaw against Burkheart, and that their covenant was broken as soon as made. A transcript of the record in that case was made an exhibit and they pray for a cancelment of their notes. The court below rendered judgment against the Smiths for the amount of the notes sued on and adjudging that Snowden had a lien on the land for the payment of their respective amounts, ordered a sale of the land for the purpose of their satisfaction, and the Smiths have appealed.

In *Warner v. Everett,* 8 B. Monroe 262, this court held that the owner of property which had been seized by attachment may, during the continuance of such seizure, sell and dispose of such title as he has to the property, and the purchaser will hold it subject to the final disposition of the suit and attachment by which a lien is attempted to be created.

There was no evidence offered to sustain the ground for the attachment when it was first sued out and which was relied upon

at the time Burkheart conveyed the land to Snowden, and the ground upon which it was sustained was not presented for nearly one year after the date of appellee's decease. On the ground first stated the attachment was not sustained, and no lien on the land was created by it; consequently Snowden's purchase from Burkheart cannot be affected by it.

Besides, the commissioner exceeded his authority by selling 240 acres of land when the judgment required the sale of 140 acres only; but the proceedings under the attachment are radically defective, and the judgment must be *affirmed*.

*Fox*, for appellants.

*Morrow*, for appellee.